

# IN THE
## TENTH COURT OF APPEALS

### No. 10-15-00038-CR

**RONNY JOE STANDIFER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2013-122-C1

## MEMORANDUM OPINION

Ronny Joe Standifer was convicted of aggravated assault causing serious bodily injury which was enhanced to a first degree felony because of a prior felony conviction. *See* TEX. PENAL CODE ANN. 22.02 (West 2011). He was sentenced to life in prison. Because error, if any, has not been preserved, we affirm the trial court's judgment.

The victim of the crime died of cancer before trial.

Standifer contends the State was allowed to ask improper commitment questions. In his sole issue, Standifer complains that the trial court erred in permitting

"the prosecution to ask the voir dire panel what evidence the panel wanted at trial when the alleged victim would not testify."

During voir dire, the State asked, "[h]ow would you prove something without the victim – the person that was actually there who was injured?" Standifer objected to the question as an improper commitment question. That objection was overruled. The State did not, however, press the question with the voir dire panel and obtain an answer. Rather, the State moved on and when the State rephrased the question, two questions later, and asked, "What [type of evidence] would you want to see," Standifer did not object.

A colloquy followed that ended with the State and prospective jurors discussing other types of evidence to prove the crime other than testimony of the victim. But no objections were made after the State rephrased the question and moved on to the discussion. Accordingly, error, if any, is not preserved. TEX. R. APP. P. 33.1.

Standifer's sole issue is overruled. The trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed September 10, 2015
Do not publish
[CRPM]

